## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ascentium Capital LLC, | Case No. 19-cv-02831 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Central Medical Clinic of St. Paul, PLLC, and Alfonso Morales, | |
| Defendants. | |

Daniel J. Young, Quarles & Brady LLP, 100 South Fifth Street, Suite 1800, Minneapolis, MN 55402; and Eric Van Schyndle, Quarles & Brady LLP, 411 East Wisconsin Avenue, Suite 2350, Milwaukee, WI 53202, for Plaintiff.

Central Medical Clinic of St. Paul, PLLC, 15 Eighth Avenue North, Hopkins, MN 55343, Pro Se.

Alfonso Morales, 15 Eighth Avenue North, Hopkins, MN 55343, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Summary Judgment [Doc. No. 31] filed by Plaintiff Ascentium Capital LLC. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

## I.    BACKGROUND

In 2018, Plaintiff Ascentium Capital LLC ("Ascentium") contracted with Defendant Central Medical Clinic of St. Paul ("CMC") to finance CMC's purchase of certain medical equipment or software from a third party, 7 Medical Systems, LLC. (Decl. of Jerry Noon ("Noon Decl.") [Doc. No. 33], at ¶ 7.) In exchange for Ascentium's payment to 7 Medical

1

Systems, CMC agreed to pay Ascentium $3,534 each month for sixty months, for a total payment of $212,040. (*Id.*, Ex. 1 ("Loan Agreement"), at §§ 1-2.) The Loan Agreement provided that CMC's failure to make any payment under the contract would constitute default, and that in the event of a default, Ascentium could "declare all sums then due and owing under this [Loan Agreement] together with all remaining Payments reduced to their then present value using a discount rate of 3%, immediately due and payable in full." (*Id.* §§ 7-8.) Defendant Alfonso Morales signed the Loan Agreement both in his capacity as CMC's owner and in his individual capacity as a guarantor. (*See id.* at 3.)

CMC made payments totaling $45,942 before ceasing payment to Ascentium. (Noon Decl. ¶ 9; *id.*, Ex. 2.) Thereafter, Ascentium brought this action for breach of contract, claiming damages under the Loan Agreement's acceleration clause, plus interest, costs, and attorneys' fees provided for in the Loan Agreement. (*See* Loan Agreement §§ 7-9.) Defendants asserted, as an affirmative defense, that "any recovery by Plaintiff . . . is bared [sic] or stayed by equitable theories and defenses including but not limited to unclean hands, latches [sic], the course of dealing between parties and all other applicable equitable theories and defenses." (Answer [Doc. No. 7], at ¶ 11.) In addition, Defendants asserted a counterclaim, alleging that the Loan Agreement obligated Ascentium to supply certain medical equipment or software, and that Ascentium failed to provide such equipment or software. (*Id.* ¶¶ 12-19.) Consequently, Defendants counterclaimed for breach of contract.

In the course of this litigation, Defendants at various times suggested that they would implead 7 Medical Services, the entity that was obligated to provide the equipment or software the purchase of which Ascentium financed. Defendants ultimately did not make

such a motion. Notably, in September 2020, the Court granted Defendants' counsel's Motion to Withdraw, and directed CMC—an entity that cannot proceed pro se before this Court—to obtain counsel by October 5, 2020. (*See* Order [Doc. No. 25].) It appears Defendants have not obtained counsel, and indeed Defendants have not since participated in this litigation. (*See* Min. Entry for Dec. 21, 2020 Status Conference [Doc. No. 29] (noting that neither Defendant appeared, personally or through counsel).) Defendants did not file any response to Ascentium's Motion for Summary Judgment, and the deadline for such a response passed two months ago.

## II.   DISCUSSION

### A.   Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or

denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

Defendants did not file a response to Ascentium's Motion for Summary Judgment. Even so, the Court still must find that Ascentium is entitled to judgment as a matter of law before it may grant Ascentium's motion. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim.").

**B.    Analysis**

Under both Minnesota and California law,[1] breach of contract requires proof of "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1107 (8th Cir. 2013) (quoting

---

[1] Although Ascentium referred exclusively to Minnesota law in its memorandum of law filed in support of its motion, the Loan Agreement includes a choice of law provision selecting California law. (*See* Loan Agreement § 9.) Because the parties did not address which state's law applies to this dispute, and because the Court would reach the same conclusions under either jurisdiction's law, the Court generally cites to both states' law.

*Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000)); *accord Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1082 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th Cir. 2019) (citation omitted). Here, there is no dispute that the parties were bound by the Loan Agreement, and that Defendants ceased making the payments required under that contract. (*See* Answer ¶¶ 6-10.)

Although Defendants did not file a memorandum of law in opposition to Ascentium's motion, or any evidence in opposition to the motion, Defendants previously asserted that Ascentium's failure to provide the equipment or software purchased by Defendants justified Defendants' refusal to make payments under the Loan Agreement. There is no evidence in the record to support Defendants' contention—and, indeed, Ascentium has presented a Commencement Agreement in which CMC agreed to make payments pursuant to the Loan Agreement notwithstanding that some of the equipment or software had yet to be delivered. *See* Noon Decl., Ex. 3, at ¶ 1; *cf. Krenik*, 47 F.3d at 957 (stating that a party opposing summary judgment "must demonstrate on the record the existence of specific facts which create a genuine issue for trial." (internal quotation marks omitted)). Moreover, none of the applicable agreements support Defendants' assertion that it was Ascentium, rather than 7 Medical Services, that was obligated to supply the equipment or software. Nor have Defendants presented evidence in support of their invocation of equitable doctrines, such as laches and unclean hands, as an affirmative defense. *Cf. Celotex Corp.*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Accordingly, the Court finds that Ascentium is entitled to summary judgment on its breach of contract claim, and on Defendants' counterclaim for breach of contract.

All that remains is Ascentium's claim for damages. Ascentium asserts that CMC and Morales are jointly and severally liable for the balance due under the Loan Agreement's acceleration clause, plus interest, attorneys' fees, and costs provided for by that contract. Although Ascentium asserts that it is entitled to $174,368.91 under the acceleration clause, this amount includes various charges—described as late charges, site inspection charges, and return item charges—and interest, which are items of damages that must be considered separately from the acceleration clause. (*See* Noon Decl., Ex. 2.) The acceleration clause entitled Ascentium to "all remaining Payments" under the Loan Agreement "reduced to their then present value using a discount rate of 3%." (Loan Agreement 8.) It does not itself provide for interest and costs (which are addressed in Section 9 of the Loan Agreement). Accordingly, the Court finds that Ascentium is entitled to damages of $162,520.54—that is, $67,146.00 owed as past-due payments plus $95,374.54 due under the acceleration clause. (*See* Noon Decl., Ex. 2.)

Ascentium claims that it is also entitled to interest on that amount, calculated at a rate of 1.5% per month. (*See* Mem. in Supp. of Mot. for Summ. J. [Doc. No. 32], at 3.) Ascentium appears to rely on Section 9 of the Loan Agreement in support of its claim to interest. However, Section 9 provides that "[a]ll amounts not paid within 30 days of [Ascentium's] demand for payment shall thereafter accrue interest at 16% per annum or, if

lower, the highest rate allowed by applicable law." (Loan Agreement § 9.) Neither party has argued that the "applicable law" supplies an alternative interest rate; regardless, the *highest* rate provided for in Section 9 is 16% per annum—or 1.33% per month—not 1.5% per month. Therefore, the Court will award interest on the $162,520.54 accelerated balance, calculated at a rate of 16% per annum, and accruing as of the thirtieth day following Ascentium's demand for payment under the Loan Agreement's acceleration clause.

Additionally, the Loan Agreement entitles Ascentium to "all costs and expenses incurred by [Ascentium] in enforcing its rights hereunder including, without limitation, the reasonable attorneys' fees and expenses incurred by [Ascentium]." (*Id.* § 8.) Consistent with this provision, the Court will award Ascentium its attorneys' fees and costs, to be determined through subsequent briefing. *See Van Vickle v. C. W. Scheurer & Sons, Inc.*, 556 N.W.2d 238, 242 (Minn. Ct. App. 1996) ("Attorney fees are recoverable if specifically authorized by contract or statute." (citing *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn. 1983)); *accord Frog Creek Partners, LLC v. Vance Brown, Inc.*, 206 Cal. App. 4th 515, 523 (2012) (observing that California statutory law "authorizes an award of attorney fees '[i]n any action on a contract' to 'the party prevailing on the contract' if the contract provides for an award of attorney fees" (quoting Cal. Civ. Code § 1717(a))).

Ascentium also claims it is entitled to late charges, site inspection charges, and return item charges—included in its calculation of the accelerated balance—amounting to $891.80. Ascentium has not, however, presented evidence explaining how these charges were incurred, and the Court therefore cannot conclude that they represent "costs and expenses incurred by [Ascentium] in enforcing its rights" under the Loan Agreement. Nor

has Ascentium explained why it is otherwise entitled to these particular charges under the Loan Agreement. Absent such an explanation, the Court declines to award these charges as damages.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. No. 31] is **GRANTED**, as follows:

1. Defendants shall pay damages to Plaintiff in the amount of $162,520.54;

2. Defendants shall pay to Plaintiff interest on the amount of damages identified above, as follows:

   a. Plaintiff is awarded pre-judgment interest on the damages awarded above, calculated at a fixed rate of 16% per annum, from the thirtieth day following Plaintiff's demand for payment under the Loan Agreement's acceleration clause to the date initial judgment is entered following this Order. Plaintiff shall calculate the total interest owed under this paragraph, and shall serve and file those calculations within fourteen (14) days of the date this Order is entered. Defendants shall file any objection to those calculations within fourteen (14) days after the calculations are served.

   b. Plaintiff is awarded post-judgment interest on the damages awarded above, calculated at a fixed rate of 16% per annum, which shall begin to accrue on the date initial judgment is entered following this Order.

Pursuant to this paragraph, post-judgment interest shall accrue at a rate of $71.24 per day, until Defendants pay all damages and interest awarded herein;

3.  Defendants shall pay the attorneys' fees and costs Plaintiff incurred in bringing this action, to be determined through subsequent briefing. Plaintiff shall submit a memorandum and declaration documenting the attorneys' fees and costs incurred in bringing this action, to be served and filed within fourteen (14) days of the date this Order is entered. Defendants shall file a responsive memorandum within fourteen (14) days after Plaintiff's memorandum and declaration are served; and

4.  Defendants shall be jointly and severally liable for payment of the foregoing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 26, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge